UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

In re

MASON and JEWEL COOK,   No. 05-12491

                        Debtor(s).
_____/

MASON COOK,

                        Plaintiff(s),

      v.   A.P. No. 08-1058

RAMOND BOLGER,

                        Defendant(s).
_____/

Memorandum on Motion for Summary Judgment
_____

       This is an action to avoid an allegedly unauthorized postpetition transfer. Plaintiff Mason Cook, who is one of the two Chapter 11 debtors in possession, alleges that after the bankruptcy filing he voluntarily gave defendant Ramond Bolger a security interest in a vehicle to secure a prepetition debt. He further alleges that Bolger later seized the vehicle and sold it to satisfy Cook's obligation to him.

       Defendant has moved for summary judgment on grounds that the transfer was not property of the estate, and on grounds that this action is barred by the doctrine of claim preclusion (res judicata).

1

1       The first issue is readily disposed of. While the vehicle was registered to another entity, Cook has filed a declaration which states that the entity was a name under which he did business as an individual. There is accordingly a triable issue of fact as to whether the vehicle was property of the estate.

      Bolger alleges that the court confirmed a Chapter 11 plan on March 28, 2008 which did not preserve this action, so it is barred by the doctrine of claim preclusion. *In re Kelley,* 199 B.R. 698, 704 (9th Cir. BAP 1996). However, the docket shows that on that date the court only announced that it would confirm the plan. No order was entered until December 9, 2008, after the plan had been amended to specifically preserve this adversary proceeding. In order to have preclusive effect, a judgment must be final. There was no final judgment until the order confirming the plan was entered, and that judgment preserves the right to prosecute this adversary proceeding.

      For the foregoing reasons, the motion for summary judgment will be denied. Either party may submit an appropriate form of order.

Dated: December 17, 2008

                                                              Alan Jaroslovsky
                                                             U.S. Bankruptcy Judge