UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

In re

MASON and JEWEL COOK,  No. 05-12491

                     Debtor(s).
_____/

MASON COOK,

                     Plaintiff(s),

     v.  A.P. No. 08-1058

RAY BOLGER,

                     Defendant(s).
_____/

## Memorandum After Trial

     Defendant Ray Bolger is a truck driver and former employee of Chapter 11 debtor and plaintiff Mason Cook, who operated a towing business. In February of 2005, Cook and Bolger entered into an agreement whereby Cook would sell the business to Bolger. Pursuant to the agreement, Bolger gave Cook $30,000.00 as a deposit. The sale was up in the air when Cook and his wife filed their Chapter 11 petition on September 13, 2005. Bolger was not scheduled as a creditor.

     On October 15, 2005, apparently without the knowledge of bankruptcy counsel, Cook gave

Bolger a check for $30,000.00 to return Bolger's deposit. However, the check did not clear. Ten days later, on October 25, 2005, Cook gave Bolger a cashier's check for $5,000.00 an promised to repay the balance.

In July, 2006, Bolger wanted to purchase a Peterbuilt truck from one Marc Opperman. Bolger and Opperman and Cook entered into a three-way deal whereby Cook signed a note for $25,000.00 to Bolger, who used the note as part of his payment to Opperman. Under the three-way deal, not disclosed or approved by the court, Cook would make his payments to Opperman and Bolger would be given a security interest in one of Cook's tow trucks, a 2000 Freightliner.

On December 12, 2007, for reasons not clear, Bolger returned his Peterbuilt truck to Opperman. A few days later, on December 21, 2007, Bolger helped himself to Cook's tow truck, falsely alleging that Cook was delinquent in his payments under the note. Bolger changed title of the truck to his own name, and it remains in his possession. Bolger had full knowledge of Cook's bankruptcy when he took the tow truck. He never complied with any of the provisions of California law governing motor vehicle repossessions.

Cook's Chapter 11 plan was confirmed on December 9, 2008. The Chapter 11 case remains open, and he and his wife remain (for now) debtors in possession.

It is of course difficult to do justice when neither of the parties before the court is entitle to justice. Bolger is guilty of willful violation of the automatic stay for taking the vehicle without obtaining bankruptcy court permission. Since the repossession was pursuant to a security interest in an estate asset granted postpetition and without court order to secure a prepetition debt, it was also an unauthorized postpetition transfer avoidable pursuant to § 549(a) of the Bankruptcy Code, as was the $5,000.00 cash payment. He is also very probably subject to prosecution pursuant to 18 U.S.C. § 152(5) by knowingly and fraudulently receiving property from a bankruptcy estate.

Of the two, Cook is by far the bigger wrongdoer. He played fast and loose with the bankruptcy laws he invoked by filing a Chapter 11 petition. He failed to schedule his debt to Bolger. He hypothecated estate property without court permission and failed to disclose his conduct in his

2

Case: 08-01058    Doc# 52    Filed: 11/24/09    Entered: 11/24/09 06:03:35    Page 2 of 4

disclosure statement. His conduct clearly subjects him to prosecution pursuant to 18 U.S.C. 11 § 153 for embezzlement. He is certainly not fit to be a debtor in possession.

For the foregoing reasons, judgment will be entered against Bolger as follows:

1. Damages for conversion of estate assets in the amount of $30,000.00, plus interest at the federal legal rate from and after October 25, 2005 as to $5,000.00 and from and after December 21, 2007, as to $25,000.00.

2. Punitive damages in the sum of $50,000.00.

3. Attorneys' fees and costs of suit.

Provided, however, that judgment will be entered in favor of the bankruptcy estate, not Cook personally. All sums recovered, after payment of attorneys' fees, shall be distributed to creditors holding allowed claims.

This memorandum constitutes the court's findings and conclusions pursuant to FRCP 52(a) and FRBP 7052. Counsel for Cook shall submit an appropriate form of judgment forthwith.

Dated: November 23, 2009

Alan Jaroslovsky
U.S. Bankruptcy Judge

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

In re

MASON and JEWEL COOK,　　　　　　　　　　　　No. 05-12491

　　　　　　　　　　Debtor(s).
_____/
MASON COOK,
　　　　　　　　　　Plaintiff(s),
v.　　　　　　　　　　　　　　　　　　　　　　　　A.P. No. 08-1058

RAY BOLGER,
　　　　　　　　　　Defendant(s).
_____/

## **CERTIFICATE OF MAILING**

The undersigned deputy clerk of the United States Bankruptcy Court for the Northern District of California hereby certifies that a copy of the related document was mailed to all parties listed below as required by the Bankruptcy Code and Rules of Bankruptcy Procedure.

Dated: November 24, 2009　　　　　　　　　V. Jump
　　　　　　　　　　　　　　　　　　　　　　　Deputy Clerk

Raymond Bolger
P.O. Box 1313
Calistoga, CA 95415